**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

JEAN-MICHEL BARTOLO,

                            Plaintiff,

    v.

WHOLE FOODS MARKET GROUP, INC;

                            Defendant.

**Civil Action No. _____**

**NOTICE OF REMOVAL**

Please take notice that Defendant Whole Foods Market Group, Inc. (WFMG) by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above-captioned action from the Superior Court for the District of Columbia, Civil Division, where it is currently pending, to the United States District Court for the District of Columbia.

As set forth below, the Court has original subject matter jurisdiction over this matter because the parties are completely diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(a), 1441(b).  Pursuant to 28 U.S.C. § 1446(d) copies of this Notice of Removal will be served upon counsel for Plaintiff and filed with the Clerk of the Superior Court for the District of Columbia as an exhibit to the Notice of Filing of Notice of Removal that is filed with the Superior Court in this action.

In support of this removal, WFMG states as follows:

## Proceedings in the State Court Action

On March 24, 2017, Plaintiff commenced this action by filing a Complaint in the Superior Court for the District of Columbia, Civil Division, Case No. 2017 CA 001987 B.

The Defendants accepted service of the Summons and Complaint by agreement.  A true and correct copy of the Summons and Complaint is attached as Exhibit A.  An amended Complaint was filed on April 10, 2017, and is attached as Exhibit B.  In the Amended Complaint, Plaintiff sued WFMG and Scott Allshouse, a corporate officer of WFMG residing in Maryland.

During a June 23, 2017 hearing, Judge Holeman of the Superior Court dismissed Defendant Allshouse from this action on the grounds that he was never Plaintiff's employer.  As a consequence of that dismissal, there is complete diversity among and between the parties to this action.

## Grounds for Removal

This case is removable to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  This Court has original subject matter jurisdiction over this case because it is a case between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Specifically, Plaintiff Jean-Michel Bartolo is a citizen of the United States and a resident of Maryland. Defendant WFMG is a Delaware corporation with its principal place of business in Austin, Texas.

Though Plaintiff's Amended Complaint does seek monetary damages, it does not specify the amount sought.  Nonetheless, in advance of Plaintiff's filing his Complaint, his counsel issued a demand letter seeking $210,000 "at a minimum" to compensate him for the very claims

2

he raises in his Complaint and Amended Complaint.  *See* Dec. of Casas.  Because this figure

represents a reasonable estimate of Plaintiff's potential recovery, exclusive of interest and costs,

it is sufficient to support removal.  *Cf. Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F.

Supp. 3d 26 (D.D.C. 2014) (settlement demand supports removal where it is a reasonable

estimate of plaintiff's potential recovery) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956

(10th Cir. 2008)); *see also id.* at 33 n.5 ("Although settlement negotiations are not admissible at

trial pursuant to the Federal Rule of Evidence 408 to prove liability for or invalidity of the claim

or its amount, they can be considered to 'show the stakes' when determining whether the amount

in controversy is met") (quoting *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585

(7th Cir. 2012)).

### Other Prerequisites for Removal Have Been Satisfied

In addition to satisfying the requirements of diversity jurisdiction, Defendant has satisfied

all other requirements for removal.

This Notice of Removal is timely filed because it is being filed within 30 days of Judge

Holeman's June 23, 2017 ruling establishing diversity jurisdiction. *See* 28 U.S.C. § 1446(c).

Removal to this Court is proper because, in addition to the jurisdictional reasons set forth

above, Defendant is not a citizen of the District of Columbia in which the State Court Action is

pending, and this Court is the "district court of the United States for the district and division

embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and

orders" sent to Defendant are annexed as Exhibit C to this Notice of Removal.  These include a

Joint Motion to Consolidate the above-captioned matter with a second, related matter, *Bartolo v.*

*Whole Foods Market Group, Inc.*, No.  2017 CA 003898 B.  The parties filed that joint motion

AUS 536685907v2

on June 28, 2017.  At a status conference held a week earlier on June 23, 2017, Judge Holeman indicated he was inclined to grant such a motion.  As of the date of this filing, Judge Holeman has not yet ruled on it.

In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filings of this Notice of Removal to Plaintiff and will file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Superior Court for the District of Columbia, Civil Division, where the state court action is currently pending.  *See* Exhibit D.

## RESERVATION OF RIGHTS AND DEFENSES

By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, and explicitly reserves any such defenses, including, but not limited to, a defense based on a lack of personal jurisdiction.  In addition, Defendant does not concede that Plaintiff has stated any claim upon which relief can be granted, or that Plaintiff is entitled to any relief of any kind or nature, including the monetary damages providing for this Court's jurisdiction.

If questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit papers and to present oral argument.

**WHEREFORE**, Defendant hereby removes this action, which was previously pending in the Superior Court for the District of Columbia and bearing State Court Case No. 2017 CA 001987 B, to the United States District Court for the District of Columbia.

4

Dated: July 21, 2017

Respectfully Submitted,

**GREENBERG TRAURIG, LLP**

By: */s/Gregory J. Casas*
Gregory J. Casas
Bar No. 455329
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: 512.320.7200
Facsimile: 512.320.7210

David Sellinger
Bar No. 282780
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: 973.360.7900
Facsimile: 973.301.8410

John H. Hempfling, II
(*Pro Hac Vice* application forthcoming)
Texas State Bar No.  231788
Sr. Global Litigation Counsel
Whole Foods Market Central Office
550 Bowie Street
Austin, Texas  78703
Tel:  512.542.0213

*Attorneys for Defendant Whole Foods Market Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service, are being served this 21st day of July, 2017, via the Court's CM/ECF System.

*/s/ Gregory J. Casas*
Gregory J. Casas

AUS 536685907v2